UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO MARTINEZ VALENCIA, A-240-174-372,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-05429-DAD-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 3) |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Pending before the court is petitioner's motion to enforce the judgment in related case *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB, which was referred to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1)(B). ECF Nos. 3, 11; *see* ECF No. 15 at 1. For the reasons set forth below, the undersigned recommends the motion be granted.

**BACKGROUND**

**A. Procedural Background**

On March 23, 2026, petitioner initiated a proceeding in this court challenging his detention after his arrest by Immigration and Customs Enforcement (ICE). *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB, Doc. No. 1 (E.D. Cal. March 23, 2026). On May 28, 2026,

the district judge granted the petition, ordered respondent to release petitioner immediately, and enjoined and restrained respondent "from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner with notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB, Doc. No. 16 (E.D. Cal. May 28, 2026).

Petitioner initiated the instant action on July 13, 2026. ECF No. 1. In it, he alleges that he was re-arrested by ICE on July 2, 2026, and remains currently detained. *Id*. ¶¶ 1-2. Simultaneously with his petition, petitioner also filed a motion for a temporary restraining order, requesting his immediate release on the basis that his detention violates his rights to due process and violates court orders *Garro Pinchi v. Noem*, 25-cv-05632 (N.D. Cal.). ECF No. 3. On July 14, 2026, the court entered a related case order, finding the instant case related to *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB and reassigning it to the same district judge and magistrate judge as the earlier-filed case. That order also directed respondents to file an opposition to the motion for temporary restraining order. ECF No. 8. Respondents filed a response to the petition and opposition to the motion for temporary restraining order on July 16, 2026. ECF No. 10. On July 21, 2026, the district judge construed the motion for temporary restraining order as a motion to enforce judgment in *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB, and referred the motion to the undersigned. ECF No. 11.

On August 10, 2026, the undersigned granted petitioner's motion for appointment of counsel. ECF Nos. 4, 12, and counsel was appointed on August 13, 2026. ECF No. 13. On September 4, 2026, petitioner, through counsel, filed a reply to respondents' response to the petition and to respondents' opposition to petitioner's pending motion. ECF No. 15.

**B. Factual Background**

In his petition, petitioner alleges that he reported to an ICE office in Fresno for a check-in appointment on June 2, 2026, at which time he was told to return on July 2, 2026. ECF No. 1 ¶ 52. When he returned on July 2, petitioner was told that he had failed to appear at a bond hearing and was arrested. *Id*. Per petitioner, he received no notice of the bond hearing. *Id*.

/////

Respondents represent that, on June 2, 2026, the immigration court mailed a notice to petitioner at his address of record, notifying him of a custody redetermination hearing to be held on June 17, 2026. ECF No. 10 at 1. The hearing was held on that date, at which petitioner did not appear. *Id*. At the hearing, an Immigration Judge found petitioner to be a danger to the community and flight risk and ordered him to be re-detained for the pendency of his removal proceedings. *Id*. In finding petitioner to be a flight risk, the Immigration Judge relied, in part, on petitioner's failure to appear at the custody redetermination hearing. ECF No. 10, Ex. 2 at 3.

In his reply brief, petitioner points out that the notice of the June 17, 2026 hearing was mailed to the incorrect address, not to petitioner's address of record, as demonstrated by the exhibits respondents tendered in support of their opposition brief. ECF No. 15 at 3 (citing ECF No. 10, Exs. 1-2).

## LEGAL STANDARD

A district court has continuing jurisdiction to enforce its injunction. *See Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. *Kia Am., Inc. v. Rally Auto Group, Inc.*, No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language of an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." *United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985).

## DISCUSSION

Here, petitioner has demonstrated by clear and convincing evidence that respondents violated the court's May 28, 2026 injunction ordered in *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB. In the court's order, it enjoined and restrained respondent from re-detaining petitioner for any purpose, absent exigent circumstances, "without providing petitioner with notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." *Martinez*

*Valencia v. Warden*, 1:26-cv-02255-DAD-EFB, Doc. No. 16 (E.D. Cal. May 28, 2026). "Notice" is a term of art that implies, as a general rule, that the notification has been "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). This is a "general principle[]" constituting an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality." *Id.*; *see also Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB, Doc. No. 16 (E.D. Cal. May 28, 2026), at 1-2 (finding petitioner had proven respondent had violated his rights to due process and ordering remedy for same). Thus, when the purported "notice" has been sent to the wrong address, the addressee has not received actual or constructive notice under the plain meaning of the term, unless notice has been accomplished in some other manner. *Robinson v. Hanrahan,* 409 U.S. 38, 40 (1972) (per curiam); *see also Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983); *see*, *e.g.*, *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1006 (9th Cir. 2014); *Mulvania v. Comm'r*, 769 F.2d 1376, 1380 (9th Cir. 1985); *Aero-Medical, Inc. v. United States,* 23 F.3d 328, 330 (10th Cir. 1994).

Here, the undisputed record is that the Immigration Court sent notice of petitioner's June 17, 2026 custody redetermination hearing to "351 N. West Street, #0812," ECF No. 10, Ex. 1 at 1, but petitioner's correct address was 351 N. West Street, #1812. ECF No. 10, Ex. 2 at 1, 4; ECF No. 15, Ex. 1, Decl. of Gerardo Martinez Valencia. Petitioner's correct address was known to respondents, as the June 17, 2026 decision of the Immigration Judge was served on petitioner at his correct address. ECF No. 10, Ex. 2 at 1. Respondents make no representation that petitioner was given any other form of notice of his custody redetermination hearing. *See* ECF No. 10 at 1. Given these facts, respondents failed to provide petitioner notice of his custody redetermination hearing prior to holding that hearing, *see Robinson,* 409 U.S. at 40; *Mennonite*, 462 U.S. at 800, which contravened a clear and specific provision in the court's May 28, 2026 order in *Martinez Valencia v. Warden*, 1:26-cv-02255-DAD-EFB. Petitioner has therefore demonstrated by clear and convincing evidence that an order enforcing judgment should issue. *See FTC*, 179 F.3d at 1239.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's motion to enforce judgment (ECF No. 3) be GRANTED, as follows:

   a. Respondents be ORDERED to immediately release petitioner Gerardo Martinez Valencia, A-File No. 240-174-372, from respondents' custody;

   b. Respondents be ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), for which he receives written notice no less than seven (7) days prior to such hearing; and

2) The Clerk of Court be directed to serve the District Court's order on the Golden State Annex.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE